B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Middle District of Louisiana

In re   **Geraldine R. Johnson**                ,   Case No.   **12-11366**

              Debtor          Chapter                **13**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 231,000.00 | | |
| B - Personal Property | Yes | 5 | 36,004.50 | | |
| C - Property Claimed as Exempt | Yes | 2 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 140,631.89 | |
| E - Creditors Holding Unsecured Priority Claims  (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 41,704.98 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,623.96 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 3,409.65 |
| Total Number of Sheets of ALL Schedules | | 23 | | | |
| | | Total Assets | 267,004.50 | | |
| | | | Total Liabilities | 182,336.87 | |

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Middle District of Louisiana

In re __Geraldine R. Johnson_____ ,       Case No. ___**12-11366**_____

                                                      Debtor

                                                                        Chapter _____**13**_____

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,623.96 |
| Average Expenses (from Schedule J, Line 18) | 3,409.65 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 3,762.37 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 0.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 41,704.98 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 41,704.98 |

B6A (Official Form 6A) (12/07)

In re    **Geraldine R. Johnson**                                              ,    Case No.    **12-11366**
                                                    Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Family Home located at 12317 Partridgewood Drive, Baker, LA 70714 LOt 107 WILLOWWOOD ACRES** | **1/2 Interest** | - | **167,500.00** | **126,073.39** |
| **2227 71st Avenue, Baton Rouge, LA 70807 Lot 154 SQ. 32 BANK** | **1/2 Interest** | - | **63,500.00** | 0.00 |

| | | |
|---|---|---|
| Sub-Total > | **231,000.00** | (Total of this page) |
| Total > | **231,000.00** | |

**0**    continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6B (Official Form 6B) (12/07)

.

In re  **Geraldine R. Johnson**                                                                    ,    Case No. ___**12-11366**___
_____
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."

If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.  Cash on hand | X | | | |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Regions Bank, N.A. Checking Acct # 9530654459** | - | 161.00 |
| | | **Regions Bank, N.A. Savings Acct # 0080951449** | - | 5.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | | **Refridge (8 yrs)** | - | 100.00 |
| | | **Whirlpool Cook Top** | - | 100.00 |
| | | **Whirlpool Double Oven** | - | 100.00 |
| | | **Dinette Set - Table w/ 4 chairs** | - | 100.00 |
| | | **Tappan Microwave (12 yrs)** | - | 10.00 |
| | | **Maytap Washer (10yrs) and Whirlpool Dryer (15 yrs)** | - | 100.00 |
| | | **Dining Room Table w/ 6 chairs** | - | 150.00 |
| | | **Wood Hutch** | - | 30.00 |
| | | **Visio Television 42" inch 5 yrs old ($528.00 new)** | - | 200.00 |
| | | **Sofa (12 yrs)** | - | 75.00 |
| | | **Large Chairs (2) $35.00 ea (5 yrs)** | - | 70.00 |
| | | **Coffee Table, End Tables (2)** | - | 75.00 |
| | | **Sectional Sofa** | - | 500.00 |

                                                                 Sub-Total >        **1,776.00**
                                                              (Total of this page)

__4__  continuation sheets attached to the Schedule of Personal Property

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                        Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Geraldine R. Johnson**                                              ,      Case No.    **12-11366**
                                        Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | **RCA Television 27' (15 yrs)** | - | 30.00 |
| | | **Sofa Table (15 yrs)** | - | 20.00 |
| | | **Glass Top End Table (15 yrs)  (1)** | - | 5.00 |
| | | **Queen Bed 4 post wood w/Mattress and Box Spring (5 yrs)** | - | 200.00 |
| | | **Dresser (5 yrs)** | - | 75.00 |
| | | **4 Drawer Chest (5 yrs)** | - | 50.00 |
| | | **Nite Stands (2) (5 yrs)** | - | 50.00 |
| | | **Queen Bed (20 yrs) w/Mattress and Box Spring (10 yrs)** | - | 75.00 |
| | | **4 Drawer Chest** | - | 30.00 |
| | | **1 nite stand** | - | 5.00 |
| | | **Queen Bed w/Mattress and Box Spring (15 yrs)** | - | 75.00 |
| | | **Desk (5 yrs)** | - | 30.00 |
| | | **Treadmill (10 yrs)** | - | 50.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **Personal Clothing** | - | 100.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Life Policy $50,000.00** | - | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >          795.00
(Total of this page)

Sheet __1__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Geraldine R. Johnson**                                        ,    Case No.    **12-11366**
                                    Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | | **3511 Winbourne Avenue, Baton Rouge, LA 70805 Lot 31 SQ. 19 NEW DAYTON (Heir property 1/4 interest)** | - | 17,500.00 |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total >          17,500.00
(Total of this page)

Sheet   **2**   of   **4**   continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re   **Geraldine R. Johnson**                                                    ,   Case No. ___**12-11366**___
                                          Debtor

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Esclade Cadillac Vin: 1GYEK13ROYR149123 1/2 Interest | - | 1,275.00 |
| | | 1988 Chevrolet Caprice Vin: 1G1BN51H9JR100194 | - | 100.00 |
| | | 2003 Lexus ES 300 Vin: | - | 14,558.50 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >                15,933.50
(Total of this page)

Sheet __3__ of __4__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re    **Geraldine R. Johnson**                                          ,    Case No.    **12-11366**
_____
                              Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 0.00 |
| (Total of this page) | |
| Total > | 36,004.50 |

Sheet __4__ of __4__ continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                        Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

.

In re    **Geraldine R. Johnson**                                    ,    Case No.    **12-11366**
                              Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:
(Check one box)
☐ 11 U.S.C. §522(b)(2)
■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds
$146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Household Goods and Furnishings** | | | |
| **Refridge (8 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100.00** | **100.00** |
| **Whirlpool Cook Top** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100.00** | **100.00** |
| **Whirlpool Double Oven** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100.00** | **100.00** |
| **Dinette Set - Table w/ 4 chairs** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100.00** | **100.00** |
| **Tappan Microwave (12 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **10.00** | **10.00** |
| **Maytap Washer (10yrs) and Whirlpool Dryer (15 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100.00** | **100.00** |
| **Dining Room Table w/ 6 chairs** | **LSA-R.S. § 13:3881(A)(4)(a)** | **150.00** | **150.00** |
| **Wood Hutch** | **LSA-R.S. § 13:3881(A)(4)(a)** | **30.00** | **30.00** |
| **Sofa (12 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **75.00** | **75.00** |
| **Large Chairs (2) $35.00 ea (5 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **70.00** | **70.00** |
| **Coffee Table, End Tables (2)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **75.00** | **75.00** |
| **Sectional Sofa** | **LSA-R.S. § 13:3881(A)(4)(a)** | **500.00** | **500.00** |
| **Sofa Table (15 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **20.00** | **20.00** |
| **Glass Top End Table (15 yrs)  (1)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **5.00** | **5.00** |
| **Queen Bed 4 post wood w/Mattress and Box Spring (5 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **200.00** | **200.00** |
| **Dresser (5 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **75.00** | **75.00** |
| **4 Drawer Chest (5 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **0.00** | **50.00** |
| **Nite Stands (2) (5 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **50.00** | **50.00** |
| **Queen Bed (20 yrs) w/Mattress and Box Spring (10 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **75.00** | **75.00** |
| **4 Drawer Chest** | **LSA-R.S. § 13:3881(A)(4)(a)** | **30.00** | **30.00** |
| **Queen Bed w/Mattress and Box Spring (15 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **75.00** | **75.00** |
| **Desk (5 yrs)** | **LSA-R.S. § 13:3881(A)(4)(a)** | **30.00** | **30.00** |
| **Wearing Apparel** | | | |
| **Personal Clothing** | **LSA-R.S. § 13:3881(A)(4)(a)** | **100.00** | **100.00** |

___1___  continuation sheets attached to Schedule of Property Claimed as Exempt

B6C (Official Form 6C) (4/10) -- Cont.

In re     **Geraldine R. Johnson**                                    ,     Case No. ____**12-11366**_____
_____
                                                    Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Interests in Insurance Policies** | | | |
| **Term Life Policy $50,000.00** | **LSA-R.S. § 22:646** | **0.00** | **0.00** |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2000 Esclade Cadillac** | **LSA-R.S. § 13:3881(A)(7)** | **0.00** | **1,275.00** |
| **Vin: 1GYEK13ROYR149123** | | | |
| **1/2 Interest** | | | |

Total:  **2,070.00**    **3,395.00**

Sheet ___1___ of ___1___ continuation sheets attached to the Schedule of Property Claimed as Exempt

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6D (Official Form 6D) (12/07)

In re   **Geraldine R. Johnson**                     ,     Case No.   **12-11366**

Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. 0013185962<br><br>**Consumer Portfolio Services, Inc.**<br>**P.O. Box 57071**<br>**Irvine, CA 92619** | | | **8-11-12**<br><br>**Automobile Loan**<br><br>**2003 Lexus ES 300** | | | X | | |
| | | | Value $     **14,558.50** | | | | 14,558.50 | 0.00 |
| Account No. 0634634919<br><br>**J.P. Morgan Chase, NA**<br>**Post Office Box 78420**<br>**Phoenix, AZ 85062-8420** | | | **Mortgage Escrow Shortage**<br><br>**Family Home located at 12317 Partridgewood Drive, Baker, LA 70714 LOt 107 WILLOWWOOD ACRES** | | | X | | |
| | | | Value $     **167,500.00** | | | | 8,088.83 | 0.00 |
| Account No.<br><br>**JP Morgan Chase, NA**<br>**7255 Baymeadows Way**<br>**Jacksonville, FL 32256** | | - | **2-22-06**<br><br>**First Mortgage**<br><br>**Family Home located at 12317 Partridgewood Drive, Baker, LA 70714 LOt 107 WILLOWWOOD ACRES** | | | X | | |
| | | | Value $     **167,500.00** | | | | 117,984.56 | 0.00 |
| Account No. | | | | | | | | |
| | | | Value $ | | | | | |

  **0**   continuation sheets attached

| | | |
|---|---|---|
| Subtotal<br>(Total of this page) | 140,631.89 | 0.00 |
| Total<br>(Report on Summary of Schedules) | 140,631.89 | 0.00 |

B6E (Official Form 6E) (4/10)

.

In re    **Geraldine R. Johnson**                                                            Case No. ___**12-11366**_____
                                                                        ,
                              Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

   A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

   The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

   If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

   Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

   Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

   Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**  (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**
   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**
   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**
   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**
   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**
   Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**
   Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**
   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**
   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**
   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*_Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment._

                                    __**0**__  continuation sheets attached

B6F (Official Form 6F) (12/07)

In re    **Geraldine R. Johnson**
_____ ,    Case No.    **12-11366**    _____
Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No.<br><br>**Accent Title, LLC**<br>**3999 SOuth Sherwood Forest Blvd.**<br>**Baton Rouge, LA 70816** | - | | | | 10-26-11<br>**Good Faith Transaction - COC Filing Fee** | | X | | 470.00 |
| Account No. 7827584<br><br>**ADT Security Services**<br>**P.O. Box 650485**<br>**Dallas, TX 75265-0485** | - | | | | **Residential Security Monitoring System** | | X | | 567.73 |
| Account No. 203388xxxx<br><br>**AFNI**<br>**Client - AT&T Mobility**<br>**P.O. Box 3427**<br>**Bloomington, IL 61702-3427** | - | | | | 12-2008<br>**Wireless Phone Service** | | X | | 223.00 |
| Account No. 3857xxxx<br><br>**Asset Accepotance LLC**<br>**Client - Chase Bank First USA**<br>**P.O. Box 1630**<br>**Warren, MI 48090** | - | | | | 11-2008<br>**Credit card purchases** | | X | | 1,746.00 |

___7___ continuation sheets attached

Subtotal
(Total of this page)                                                            3,006.73

B6F (Official Form 6F) (12/07) - Cont.

In re    **Geraldine R. Johnson**                                                    ,        Case No.    **12-11366**
_____
Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **Invoice #246** <br><br> **Brouillette Law Firm** <br> **3999 S. Sherwood Forest Blvd.** <br> **Baton Rouge, LA 70816** | - | | | **4-17-12** <br> **Legal Services - Succession of Robert Lee Johnson** | | X | | 1,200.00 |
| Account No. **7926911** <br><br> **Capital Management Services, LP** <br> **Client- Galaxy Asset Puichasing, LLC** <br> **726 Exchange Street, Ste 700** <br> **Buffalo, NY 14210** | - | | | **Credit card purchases** <br> **Cross Counrty Bank** | | X | | 630.92 |
| Account No. **6928423** <br><br> **Capital Management Services, LP** <br> **Client- Galaxy Asset Purchasing, LLC** <br> **726 Exchange Street, Ste 700** <br> **Buffalo, NY 14210** | - | | | **Credit card purchases** | | X | | 470.00 |
| Account No. **944xxxx** <br><br> **CashCall** <br> **P.O. Box 66007** <br> **Anaheim, CA 92816-6007** | - | | | | | X | | 1,488.00 |
| Account No. **426684105161xxxx** <br><br> **Chase/Bank One Card Service** <br> **P.O. Box 15298** <br> **Wilmington, DE 19850** | - | | | **7-31-05** <br> **Credit card purchases** | | X | | 896.00 |

Sheet no. __1__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,684.92**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Geraldine R. Johnson**                                    ,        Case No.   **12-11366**
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | |
| Account No. **5206-0547-6022-7734** | | | | | Credit card purchases | | | | |
| Continental Finance Copmapny, LLC<br>P.O. Box 30311<br>Tampa, FL 33630-3311 | - | | | | | | X | | |
| | | | | | | | | | 449.36 |
| Account No. **167772426** | | | | | Credit card purchases | | | | |
| Convergent Outsourcing, Inc.<br>Client - Pyod, LLC/Capital One<br>P.O. Box 9004<br>Renton, WA 98057-9004 | - | | | | | | X | | |
| | | | | | | | | | 587.19 |
| Account No. **473190042924xxxx** | | | | | 2-2-2003<br>Credit card purchases | | | | |
| Credit One Bank<br>P.O. Box 98873<br>Las Vegas, NV 89193-8873 | | | | | | | X | | |
| | | | | | | | | | 808.00 |
| Account No. **xxxxxx7862** | | | | | Credit card purchases | | | | |
| Discover Card<br>P.O. Box 71084<br>Charlotte, NC 28272-1084 | - | | | | | | X | | |
| | | | | | | | | | 3,394.89 |
| Account No. **601100644076xxxx** | | | | | 10-5-1987<br>Credit card purchases | | | | |
| Discover Financial Services<br>P.O. Box 15316<br>Wilmington, DE 19850-5316 | - | | | | | | X | | |
| | | | | | | | | | 3,370.00 |

Sheet no. __2__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                            **8,609.44**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Geraldine R. Johnson**                                         ,        Case No.   **12-11366**
                                                Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **HL7050** <br><br> **Downtown Physical Rehabilitation** <br> **160 North 8th Street** <br> **Baton Rouge, LA 70802** | - | | **2-20-12** <br> **Medical Services** | | X | | 240.00 |
| Account No. **09CV3340** <br><br> **Eaton Group Attorneys, LLC.** <br> **Client- Arrow Financial Services** <br> **P.O. Box 3001** <br> **Baton Rouge, LA 70821-3301** | - | | **12-18-09** <br> **Law Suit/Judgment** | | X | | 2,301.49 |
| Account No. **7302-1837-6110-4359** <br><br> **Exxon Credit Card Center** <br> **P.O. Box 688940** <br> **Des Moines, IA 50368-8940** | - | | **Credit card purchases** | | X | | 949.10 |
| Account No. **520605476022xxxx** <br><br> **First Bank of Delaware** <br> **50 S. 16th Street** <br> **Philadelphia, PA 19102** | - | | **12-3-08** <br> **Credit card purchases** | | X | | 762.00 |
| Account No. **517800728611xxxx** <br><br> **First Premier Bank** <br> **3820 N. Louise Avenue** <br> **Sioux Falls, SD 57107** | - | | **12-23-04** <br> **Credit card purchases** | | X | | 210.00 |

Sheet no. __3__ of __7__ sheets attached to Schedule of                          Subtotal
Creditors Holding Unsecured Nonpriority Claims                              (Total of this page)    | 4,462.59 |

B6F (Official Form 6F) (12/07) - Cont.

In re    **Geraldine R. Johnson**                                    ,    Case No. _____**12-11366**_____
                                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **1396028365** <br><br> **Fitness Magazine** <br> **Billing Center** <br> **1716 Locust Street** <br> **Des Moines, IA 50309-3023** | - | | **Magazine Subscription** | | X | | **6.23** |
| Account No. **1052xxxx** <br><br> **Frost-Arnett Company** <br> **Client-Med-LA Endospy** <br> **P.O. Box 8893** <br> **Metairie, LA 70011-8893** | - | | **10-2007** <br> **Medical Services** | | X | | **100.00** |
| Account No. **301063601.0** <br><br> **Gas Utility Dist #1 of EBRP** <br> **10633 Greenwell Springs Port Hudson Rd** <br> **Zachary, LA 70791-8602** | - | | **1-9-12** <br> **Residential Utilities** | | X | | **134.26** |
| Account No. **09551114** <br><br> **GC Services Limited Partnership** <br> **Client - Cingular Wireless** <br> **P.O. Box 95366** <br> **GA 30347** | - | | **Wireless Phone** | | X | | **236.72** |
| Account No. **6019-1912-1053-1698** <br><br> **GE Money Bank** <br> **P.O. Box 960061** <br> **Orlando, FL 32896-0061** | - | | **Credit card purchases** | | X | | **2,490.95** |

| | | |
|---|---|---|
| Sheet no. __4___ of __7__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | Subtotal <br> (Total of this page) | **2,968.16** |

B6F (Official Form 6F) (12/07) - Cont.

In re   **Geraldine R. Johnson**                                    ,      Case No.   **12-11366**
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **V055397475**<br><br>**Healthcare Financial Assistance, Inc**<br>**Client - Woman's Hospital**<br>**110 Veterans Blvd., Suite 450**<br>**Metairie, LA 70005** | - | | Medical Services | | X | | 149.98 |
| Account No. **466309008541xxxx**<br><br>**HSBC Bank**<br>**P.O. Box 5253**<br>**Carol Stream, IL 60197** | - | | 10-5-10<br>Credit card purchases | | X | | 713.00 |
| Account No. **544045501587xxxx**<br><br>**HSBC Bank**<br>**P.O. Box 5253**<br>**Carol Stream, IL 60197** | - | | 4-16-04<br>Credit card purchases | | X | | 2,333.00 |
| Account No. **520605476022xxxx**<br><br>**ICUL Service Corp.**<br>**1807 West Diehl Road**<br>**Naperville, IL 60563** | - | | 12-2-2008<br>Credit card purchases | | X | | 717.00 |
| Account No. **274278572xxxx**<br><br>**Jefferson Capital System**<br>**Cleint- Salute Gold Card**<br>**16 Mcleland Road**<br>**Saint Cloud, MN 56303** | - | | 1-2010<br>Credit card purchases | | X | | 271.00 |

Sheet no. __5__ of __7__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims | | | Subtotal (Total of this page) | | | | 4,183.98

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re    **Geraldine R. Johnson**                                      ,          Case No. ___**12-11366**___
                                 Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H J | W C | | | | | |
| Account No. 8532375518 | | | | Credit Card Purchases | | | | |
| Midland Credit Management, Inc. Client- 1st Bk of Delaware P.O. Box 60578 Los Angeles, CA 90060-0578 | - | | | | | X | | 0.00 |
| Account No. 853237 | | | | 9-2009 Credit card purchases | | | | |
| Midland Funding, LLC. Client - Tribute Mastercard 8875 Aero Drive, Ste 200 San Diego, CA 92123 | - | | | | | X | | 929.00 |
| Account No. 4663-0900-8541-7641 | | | | Credit card purchases | | | | |
| Orchard Bank/HSBC Card Services P.O. Box 5222 Carol Stream, IL 60197-5222 | - | | | | | X | | 679.09 |
| Account No. C4432933 | | | | Charge Account | | | | |
| PennCredit Client - QVC P.O. Box 988 Harrisburg, PA 17108 | - | | | | | X | | 60.00 |
| Account No. 405731002084xxxx | | | | 6-23-08 Credit card purchases | | | | |
| Plains Commerce Bank P.O. Box 89937 Sioux Falls, SD 57109 | - | | | | | | | 293.00 |

Sheet no. __**6**___ of __**7**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                    **1,961.09**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Geraldine R. Johnson**                                     ,   Case No.   **12-11366**
                              Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **410636001543xxxx**<br><br>**Portfolio Recovery Associates**<br>**Midland Credit Management**<br>**120 Corporate Blvd.**<br>**Norfolk, VA 23502** | - | | **4-2007**<br>**Credit card purchases** | | X | | 844.00 |
| Account No. **4731-9004-2924-1135**<br><br>**Portfolio Recovery Associates**<br>**Collect America**<br>**120 Corporate Blvd.**<br>**Norfolk, VA 23502** | - | | **4-2008**<br>**Credit card purchases** | | X | | 444.00 |
| Account No. **01464720067/3041-0338-5015**<br><br>**Publishers Clearing House**<br>**P.O. Box 4002936**<br>**Des Moines, IA 50340-2936** | - | | **Ordered Promotional Items** | | X | | 32.45 |
| Account No. **0188872592**<br><br>**Rodale Book Billings Dept**<br>**P.O. Box 6001**<br>**Emmaus, PA 18098-0099** | - | | **Book Order #H78922860001** | | X | | 57.62 |
| Account No. **7040146280469xxxx**<br><br>**Toyota Motor Credit Corp.**<br>**5005 N. River Blvd. NE**<br>**Cedar Rapids, IA 52411-6634** | - | | **1-24-09**<br>**Automobile Loan** | | X | | 10,450.00 |

Sheet no. **7** of **7** sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal (Total of this page)   11,828.07

Total (Report on Summary of Schedules)   41,704.98

B6G (Official Form 6G) (12/07)

.

In re    **Geraldine R. Johnson**                                              ,    Case No.    **12-11366**
                                                    Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

**0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com                              Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re    **Geraldine R. Johnson**                                                    ,    Case No.    **12-11366**
                                                Debtor

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

**0**
_____ continuation sheets attached to Schedule of Codebtors

Software Copyright (c) 1996-2012 - CCH INCORPORATED - www.bestcase.com    Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re  **Geraldine R. Johnson**          Case No.   **12-11366**

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Widowed** | RELATIONSHIP(S):<br>**Son** | AGE(S):<br>- |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Receptionist** | |
| Name of Employer | **WAFB** | |
| How long employed | **15 years** | |
| Address of Employer | **844 Government Street**<br>**Baton Rouge, LA 70802** | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | | SPOUSE |
|---|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ | **2,353.87** | $ | **N/A** |
| 2. Estimate monthly overtime | $ | **0.00** | $ | **N/A** |
| 3. SUBTOTAL | $ | **2,353.87** | $ | **N/A** |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a. Payroll taxes and social security | $ | **444.69** | $ | **N/A** |
|    b. Insurance | $ | **0.00** | $ | **N/A** |
|    c. Union dues | $ | **0.00** | $ | **N/A** |
|    d. Other (Specify):    **Loan Note** | $ | **162.22** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | **606.91** | $ | **N/A** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | **1,746.96** | $ | **N/A** |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | **0.00** | $ | **N/A** |
| 8. Income from real property | $ | **900.00** | $ | **N/A** |
| 9. Interest and dividends | $ | **0.00** | $ | **N/A** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ | **0.00** | $ | **N/A** |
| 11. Social security or government assistance<br>(Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 12. Pension or retirement income | $ | **977.00** | $ | **N/A** |
| 13. Other monthly income<br>(Specify): | $ | **0.00** | $ | **N/A** |
| | $ | **0.00** | $ | **N/A** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | **1,877.00** | $ | **N/A** |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | **3,623.96** | $ | **N/A** |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ | **3,623.96** | | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J (Official Form 6J) (12/07)

In re   **Geraldine R. Johnson**                                                             Case No.   **12-11366**
_____
                              Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 803.00 |
|    a. Are real estate taxes included?          Yes ___          No **X** | | |
|    b. Is property insurance included?          Yes ___          No **X** | | |
| 2. Utilities:   a. Electricity and heating fuel | $ | 200.00 |
|            b. Water and sewer | $ | 49.00 |
|            c. Telephone | $ | 158.58 |
|            d. Other _____ | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 300.00 |
| 5. Clothing | $ | 86.00 |
| 6. Laundry and dry cleaning | $ | 30.00 |
| 7. Medical and dental expenses | $ | 100.00 |
| 8. Transportation (not including car payments) | $ | 150.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | $ | 166.66 |
|            b. Life | $ | 70.00 |
|            c. Health | $ | 225.00 |
|            d. Auto | $ | 198.00 |
|            e. Other _____ | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|    (Specify) **See Detailed Expense Attachment** | $ | 176.41 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | $ | 0.00 |
|            b. Other _____ | $ | 0.00 |
|            c. Other _____ | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   **See Detailed Expense Attachment** | $ | 397.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 3,409.65 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

_____

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | $ | 3,623.96 |
| b.   Average monthly expenses from Line 18 above | $ | 3,409.65 |
| c.   Monthly net income (a. minus b.) | $ | 214.31 |

**B6J (Official Form 6J) (12/07)**

In re __Geraldine R. Johnson__                                    Case No. __12-11366__
                          Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Specific Tax Expenditures:**

| | | |
|---|---|---:|
| Property Taxes - Partridgewood | $ | 83.16 |
| Property Taxes - 71st Avenue | $ | 55.75 |
| Property Taxes - Winbourne Avenue | $ | 37.50 |
| **Total Tax Expenditures** | $ | **176.41** |

**Other Expenditures:**

| | | |
|---|---|---:|
| Residential Alarm | $ | 33.00 |
| Pest Control | $ | 40.00 |
| Yard Maintenance | $ | 180.00 |
| Termite | $ | 30.00 |
| Maintenance Agreement Central Air Unit | $ | 104.00 |
| Home Assoication Fee | $ | 10.00 |
| **Total Other Expenditures** | $ | **397.00** |

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Middle District of Louisiana

In re   **Geraldine R. Johnson**                                          Case No.   **12-11366**
                                        Debtor(s)                          Chapter   **13**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of **25** sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **October 22, 2012**                    Signature   **/s/ Geraldine R. Johnson**

                                                         **Geraldine R. Johnson**
                                                         Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Middle District of Louisiana

In re   **Geraldine R. Johnson**                                           Case No.   **12-11366**
                                     Debtor(s)          Chapter      **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$23,461.00** | **2010 - WAFB, Inc.** |
| **$23,801.36** | **2011 - WAFB, Inc.** |
| **$20,563.32** | **2012 YTD - WAFB, Inc.** |

### 2. Income other than from employment or operation of business

None
■

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  AMOUNT | SOURCE |
|---|---|

### 3. Payments to creditors

None
■

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **JP Morgan Chase, NA versus Geraldine R. Johnson, Robert Lee Johnson, Jr., Gerald Renard Johnson, Russell Lewis Johnson and Robin Lachelle Johnson Sims No: 613367  Section: 24** | **Suit on Promissory Note and to Enforce Mortgage** | **19th Judicial District Court; State of Louisiana** | **Pending (Served on July 6, 2012)** |
| **Arrow Financial Services, LLC versus Geraldine R. Johnson Number: 12-05767 - B** | **Petition to Make Judgment Exectutory and For Garnishment** | **Baton Rouge City Court; State of Louisiana** | **Judgment (Garnishment scheduled to begin 9-24-12)** |

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☐   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Eaton Group Attorneys, LLC.**<br>**Client Arrow Financial Services**<br>**P.O. Box 3001**<br>**Baton Rouge, LA 70821-3301** | | **Judgment of $2,301.49 (garnishment to begin 9-24-12)** |

### 5. Repossessions, foreclosures and returns

None ■   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 6. Assignments and receiverships

None ■   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None ■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Jackson, Mitchell & Jackson**<br>**345 Grandpre Street**<br>**Post Office Box 1246**<br>**Baton Rouge, LA 70821-1246** | **August 8, 2012** | **Attorneys fee $2,500.00 plus filing fee $281.00. Payment of $900.00, $281.00 filing fee and $619.00 on attorneys fee.** |
| **The Mesquite Group**<br>**713 Preston Place**<br>**Grapevine, TX 76051** | **8-14-12** | **$25.00** |

**10. Other transfers**

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None
■

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

**12. Safe deposit boxes**

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
☐

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|
| **Gerald Johnson**<br>**12317 Partridgewood**<br>**Baker, LA 70714** | **1988 Chevrolet Caprice $100.00** | **12317 Partridgewood, Baker, LA 70714** |

### 15. Prior address of debtor

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None
■

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NAME | ADDRESS |
|------|------|

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
■

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|------|------|

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|------|

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|------|

None
■

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NAME AND ADDRESS | DATE ISSUED |
|------|------|

7

**20. Inventories**

None
■    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
■    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21 . Current Partners, Officers, Directors and Shareholders**

None
■    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22 . Former partners, officers, directors and shareholders**

None
■    a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
■    b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
■    If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

8

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                              TAXPAYER IDENTIFICATION NUMBER (EIN)


### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR


I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.


Date  **October 22, 2012**                    Signature    **/s/ Geraldine R. Johnson**
                                                            **Geraldine R. Johnson**
                                                            Debtor


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# United States Bankruptcy Court
## Middle District of Louisiana

| | | | |
|---|---|---|---|
| In re | **Geraldine R. Johnson** | Case No. | **12-11366** |
| | Debtor(s) | Chapter | **13** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | **2,500.00** |
   | Prior to the filing of this statement I have received | $ | **619.00** |
   | Balance Due | $ | **1,881.00** |

2. $ **281.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor     ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor     ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached *(as is set forth below)*.

6. In return for the above-disclosed fee, I have agreed to render legal service for and in the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting(s) of creditors and confirmation hearing(s), and any continued meetings or hearings, and, generally, in the bankruptcy case;
   d. Representation of the debtor in adversary proceedings and other contested bankruptcy matters and proceedings;
   e. Other provisions as needed.

7. By agreement with the debtor(s), a copy of which is either set forth herein or attached hereto, the above-disclosed fee does not include the following services, for which, if I am to be retained, the debtor will be charged and will have to agree to pay fees and reimbursement of expenses as follows:

## CERTIFICATION OF ATTORNEY

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| **October 22, 2012** | **/s/ Michael A. Mitchell** |
| Date | **Michael A. Mitchell** |
| | Signature of Attorney |
| | **Jackson, Mitchell & Jackson, LLC** |
| | **Attorneys At Law** |
| | **P. O. Box 1246  (345 Grandpre St.)** |
| | **Baton Rouge, LA 70821** |
| | **(225) 344-0300  Fax: (225) 344-0252** |
| | Name of Law Firm |

SEE NEXT PAGE FOR CERTIFICATION OF DEBTOR(S)

In re  **Geraldine R. Johnson**_____        Case No.   **12-11366**_____
                    Debtor(s)

# DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR
## (Continuation Sheet)

### CERTIFICATION OF DEBTOR(S)

[if applicable, i.e. services limited and agreement is contained in disclosure as opposed to being separately attached].

        I certify that the above agreement with my attorney has been explained to me by my attorney and accurately reflects the services that my attorney has agreed to provide for the fees paid or promised as stated in this disclosure.  Further, I agree that the description of those services that will not be provided by my attorney for the fees paid or promised in the disclosure is accurate and that I understand that if any of these excluded services become necessary, my attorney is under no duty to represent me unless I make further arrangements, as set forth by my attorney above, for the attorney to act on my behalf.


 **October 22, 2012**_____
            Date


 **/s/ Geraldine R. Johnson**_____
            **Geraldine R. Johnson**
            Signature of Debtor


_____

            Signature of Joint Debtor

B 201A (Form 201A) (11/11)

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF LOUISIANA

## NOTICE TO CONSUMER DEBTOR(S) UNDER § 342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

### Chapter 7: Liquidation ($245 filing fee, $46 administrative fee, $15 trustee surcharge: Total Fee $306)

Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.

Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.

The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $46 administrative fee: Total fee $281)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments

over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $46 administrative fee: Total fee $1046)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $46 administrative fee: Total fee $246)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13.  The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

## 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.  The documents and the deadlines for filing them are listed on Form B200, which is posted at http://www.uscourts.gov/bkforms/bankruptcy_forms.html#procedure.

B 201B (Form 201B) (12/09)

# United States Bankruptcy Court
## Middle District of Louisiana

In re __Geraldine R. Johnson__        Case No. __12-11366__

          Debtor(s)        Chapter __13__

## CERTIFICATION OF NOTICE TO CONSUMER DEBTOR(S)
## UNDER § 342(b) OF THE BANKRUPTCY CODE

### Certification of Debtor

I (We), the debtor(s), affirm that I (we) have received and read the attached notice, as required by § 342(b) of the Bankruptcy Code.

__Geraldine R. Johnson__      X __/s/ Geraldine R. Johnson__     __October 22, 2012__

Printed Name(s) of Debtor(s)        Signature of Debtor        Date

Case No. (if known) __12-11366__      X _____

          Signature of Joint Debtor (if any)        Date

---

**Instructions:** Attach a copy of Form B 201 A, Notice to Consumer Debtor(s) Under § 342(b) of the Bankruptcy Code.

Use this form to certify that the debtor has received the notice required by 11 U.S.C. § 342(b) **only** if the certification has **NOT** been made on the Voluntary Petition, Official Form B1. Exhibit B on page 2 of Form B1 contains a certification by the debtor's attorney that the attorney has given the notice to the debtor. The Declarations made by debtors and bankruptcy petition preparers on page 3 of Form B1 also include this certification.

Software Copyright (c) 1996-2012 CCH INCORPORATED - www.bestcase.com        Best Case Bankruptcy

## United States Bankruptcy Court
### Middle District of Louisiana

In re    **Geraldine R. Johnson**
_____
Debtor(s)

Case No.    **12-11366**
_____
Chapter     **13**
_____

### ATTORNEY DECLARATION

I,    **Michael A. Mitchell**    (attorney's name), am an attorney admitted to practice before this Court and have been retained as attorney for the debtor(s) in this bankruptcy case.

I have generally advised the debtor(s) about (I) the scope and effect of the discharge; (ii) the option of reaffirming debts under 11 U.S.C. § 524, and the statutory requirements and consequences of reaffirmation; (iii) the option of redemption of property under 11 U.S.C. § 722; (iv) the possible options to avoid liens under 11 U.S.C. § 522; (v) the definition of "property of the estate," the debtor's obligation to provide full and accurate disclosure of information, and the requirement that the debtor turn over all property of the estate, except that specifically exempted, to the trustee; and (vi) the possible consequences of failure to provide full and accurate disclosure of property and debts, and the failure to turn over to the trustee property which could be property of the estate, such as revocation of discharge, interest and other charges by the trustee, and criminal prosecution. I have specifically reviewed with the debtor(s), by reading to the debtor(s) when it was thought necessary, the content of this declaration.

The discharge in bankruptcy is intended to relieve honest but unfortunate debtors from oppressive debt and to provide them with a financial fresh start. The document which notifies the debtor of the discharge is a court order entitled "Discharge of Debtor." It is mailed to the debtor and creditors by the bankruptcy court.

The discharge in bankruptcy releases a debtor from any further <u>personal</u> liability for any debt owed to a creditor listed in the schedules filed with the court, unless the debt is a nondischargeable debt or is a debt, after timely complaint and upon final judgment, excepted from discharge. I have advised the debtor(s) as to the types of debts which are not discharged by the Order of discharge (such as many tax obligations, debts in the nature of alimony, maintenance and support, government-guaranteed student loans, debts not properly listed or scheduled, <u>etc.</u>) and the types of debts which may be excepted from discharge (fraud, willful and malicious injury, fraud or defalcation while acting in a fiduciary capacity, certain community property obligations, <u>etc.</u>). Though nothing prevents a debtor from voluntarily repaying a discharged debt, creditors can take no action to encourage or require a debtor to repay a discharged debt. They cannot personally contact a debtor at home or at work; they cannot send demand letters to a debtor; they cannot file suits against a debtor; they cannot obtain judgments against a debtor; they cannot execute on property of a debtor unless the creditor holds a valid security interest in the property and, in conformity with state law and the Bankruptcy Code, is entitled to execute upon **the property**; they cannot garnish a debtor's wages or take any action which harasses a debtor for having filed bankruptcy or which attempts to require repayment of any debt that has been discharged.

If a creditor engages in any conduct aimed at encouraging or forcing repayment of a discharged debt, the debtor should contact his or her attorney immediately so that appropriate legal action can be taken against the creditor. As part of my representation of the debtor in this case, I acknowledge my responsibility to act on behalf of the debtor to protect the debtor's rights under his or her discharge and to bring to the bankruptcy court's attention, if necessary or proper, actions thought by me to be in violation of the Order of Discharge.

There are differences between secured and unsecured debt and in the manner in which a debtor may treat a secured debt in a Chapter 7 bankruptcy case. Some debtors may desire to <u>surrender</u> property which is collateral or security for a secured debt. Upon surrender of the property to the creditor, the debtor has no further liability to the creditor. Some debtors will <u>redeem</u> property pledged as security for a debt by paying the creditor the fair market value of the property. Other debtors may wish to <u>reaffirm</u> the debt secured by the debtor's property.

Debtors should consider reaffirmation of a secured debt only where the value of the property equals or exceeds the debt, and the payments on the debt are reasonable and within the debtor's means. To reaffirm a debt, the debtor must sign a new agreement with the creditor, and that agreement, along with an attorney's affidavit or declaration pursuant to 11 U.S.C. § 524(c), if applicable, must be filed with the court within the time afforded under the Local Rules of the United States

Bankruptcy Court for the Middle District of Louisiana. Even after signing a reaffirmation agreement, the debtor still has a right to cancel that reaffirmation at any time prior to the discharge, or within 60 days after filing the Agreement with the Court, whichever is later (30 days for cases filed before October 8, 1984) by taking the proper action to rescind it. A debtor should consider the effect of a catastrophic event, such as medical problems, on the debtor's ability to pay any reaffirmed debts because, once a Chapter 7 discharge is received, a debtor cannot again seek this same benefit for six years. I have reviewed with the debtor(s) the substantive and form requirements of § 524(c) and recognize, as a component of my attorney obligation, my responsibility to advise the debtor(s) as to whether or not the reaffirmation agreement(s) in connection with which I assist the debtor(s) comply with § 524(c).

I have informed the debtor of his or her obligations under this Court's Local Rules (particularly rules 4008-1 and 4008-2) in the event the debtor wishes to reaffirm a debt without my assistance in the course of negotiating the agreement or in the event I, in fulfillment of my ethical duties to my client, cannot assist or provide the debtor with the declaration or affidavit as required by 11 U.S.C. § 524(c)(3). Further, I have advised the debtor of the consequences of failure to comply with this Court's Local Rules in this event, and of the necessity of court approval of such an agreement.

I have informed the debtor(s) that he (she) has fulfilled the requirements of the Bankruptcy Code and, as of the date of the entry of the Discharge Order, will receive the fresh start envisioned by the Code. I have further urged the debtor(s) that debt should be avoided which would again place the debtor(s) in a position to need protection under the bankruptcy law. I have advised the debtor of my willingness to assist in negotiating reaffirmation agreements that I, in performance of my representation according to ethical standards, can make the subject of a declaration or affidavit conforming to the requirements of 11 U.S.C. § 524(c)(3).

__Baton Rouge_____ , Louisiana, __October 22, 2012_____ .

__/s/ Michael A. Mitchell_____
**Michael A. Mitchell**
(Debtor's attorney)

The undersigned debtor(s) in the captioned bankruptcy case hereby acknowledge(s) that I/we have read the Attorney Declaration and that __Michael A. Mitchell__ , my/our attorney in this case has advised me/us as is stated in the Declaration.

__/s/ Geraldine R. Johnson_____
**Geraldine R. Johnson**
(Debtor)

_____
(Debtor)